Ronald M. Horwitz (005655)
Janessa E. Koenig (018618)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
rmh@jaburgwilk.com
jek@jaburgwilk.com
(602) 248-1000

Attorneys for Movant

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SHANE T. MAPLES and<br>HEEJAE VANHAUN<br><br>Debtors. | Chapter 13<br><br>No: 4-08-bk-18707-EWH |
| WELLS FARGO FINANCIAL, INC.,<br><br>Movant,<br><br>v.<br><br>SHANE T. MAPLES and<br>HEEJAE VANHAUN and<br>DIANNE C. KERNS, Trustee,<br><br>Respondents. | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

Movant, the holder of a claim secured by an interest in certain real property and rents, issues and profits therefrom, hereby move and apply to the Court for an order modifying the stay provided by ll U.S.C. §362 and other stays against lien enforcement with respect to the property, rents, issues and profits; and enjoining or conditioning the use, sale or lease of such property, rents, issues and profits as necessary to provide adequate protection of Movant's interest in the property. The relief requested is more particularly set forth in the following Memorandum of Points and Authorities, upon which this Motion and Application is based.

# MEMORANDUM OF POINTS AND AUTHORITIES

FACTS:

1.  Movant is the present owner and holder of a Note and Deed of Trust, which is a valid and perfected lien on the real property described in the contract (hereinafter the "Property") together with any rents, issues and profits therefrom. True copies of the Note and Deed of Trust are attached hereto as Exhibits "A" and "B", respectively, and made a part hereof by this reference.

2.  Movant is a party with a possessory interest in the Property evidenced by the Note and Deed of Trust described as follows:

> LOT 139, VILLAGE GREEN, ACCORDING TO BOOK 11 OF MAPS, PAGES 84 AND 84A, RECORDS OF COCHISE COUNY, ARIZONA.

3.  The Debtors, if any, has, claims or may claim an interest in the Property which are junior and subsequent to Movant's interest.

4.  This Application and Motion arises under Title ll, U.S.C. in the following described case which has been referred to and is pending in the United States Bankruptcy Court for the District of Arizona:

| | |
|---|---|
| DEBTORS: | SHANE T. MAPLES and HEEJAE VANHAUN |
| CASE NUMBER: | 4-08-bk-18707-EWH |
| CHAPTER: | 13 |
| FILING DATE: | December 23, 2008 |

5.  The Debtors are in default for failure to pay installments under said Note and Deed of Trust, leaving a balance due in the principal sum of $168,117.12, plus accrued and accruing interest.

6.  The Debtors are currently delinquent relative to post-petition payments for the period of January 1, 2009 through December 1, 2009. There have been no further payments or any provision for adequate protection.

7. Movant has incurred, or may incur, certain costs, including, without limitation, foreclosure title searches, attorneys fees, trustee's fees, taxes, insurance premiums, court costs, costs of sale, and other costs, all of which are secured by the Note and Deed of Trust.

8. Pursuant to the Note and Deed of Trust, the entire unpaid principal, interest, late fees, and costs are due and payable and Movant do hereby declare the entire unpaid principal, interest, and charges due and payable.

9. Movant is informed and believes and therefore allege that the Debtors, if any, are using the Property.

10. Movant does not have, and has not been offered, adequate protection for Movant's interest in the Property.

11. Movant is informed and believes and therefore alleges that Debtors have no reasonable prospect or reorganization.

12. Movant is informed and believes and therefore alleges that the fair market value of the Property after deduction of selling costs is less than the sum of Movant's secured claims plus other liens, encumbrances, and exemptions provided by law and that the Property, rents, issues and profits therefrom are burdensome and inconsequential value to the estate.

LAW:

(A) AUTOMATIC STAY:

Pursuant to 11 U.S.C.§362(d) Movants are entitled to relief form the automatic stay to enforce their lien or either of two grounds: (1) for cause including lack of adequate protection of an interest in the Property, or (2) the Debtor has no equity and the Property is not necessary to an effective reorganization. Implicit in the second of these is that, unless a reorganization is contemplated and feasible, a creditor is entitled to relief from the automatic stay if the Debtor has no equity in the Property. *E.g., Frankford Trust Company v. Dublin Property, (In re Dublin Properties). 4 C.B.C. 2d 885, 889 (E.D. Pa., Bankr., l981).*

On only one issue does a Movant requesting relief from the stay have the burden of proof and that is the issue of the Debtor's equity in the Property. On all other issues any party opposing relief has the burden of proof. 11 U.S.C.§362(g). Unless a party opposing relief produces

evidence on these points, a Movant is entitled to relief without presenting any evidence whatsoever. *See, Gauvin v. Wagner (In re Gauvin)*, 8 C.B.C.2d 359, 361, 10BCD 219, 24 B.R. 578 (9th Cir BAP 1982). Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof even on the issue of equity. Id

(B) RELIMINARY HEARING:

As noted above, any party resisting from the automatic stay or seeking to use property of the estate must carry the burden of proof on the issue of adequate protection. A party requesting relief from the stay receives it automatically 30 days after the date of its request unless the Court after a notice and hearing orders the stay extended. 11 U.S.C.§362(e)(1). *See Dublin Properties, 4 C.B.C. 2d at 889*.

REQUEST FOR RELIEF:

For the reasons set forth above, Movants respectfully request:

1. That all stays, including without limitation, injunctions, restraining orders, and the automatic stays provided by ll U.S.C.§362 and §524, be vacated with respect to the Property, or modified to permit Movant, or its agents, attorneys, employees and assigns and such other persons as the Court shall deem appropriate to take any and all actions to assert its rights to the Property under the Note and Deed of Trust, other security agreements, and non-bankruptcy law, including without limitation the rights: to declare all sums secured to be immediately due and payable; to exercise any assignment of rents; to bring a judicial foreclosure action in any Court of competent jurisdiction; to apply all funds in the possession of the Movants under the provisions of the Note and Deed of Trust or other security agreement; and to sell the Property or any part thereof pursuant to the Note and Deed of Trust or to any other valid security agreement.

2. That, pending a final hearing on the merits, an order be entered permitting Movants to record, mail, post and publish Notice of Trustee's Sale pursuant to A.R.S.§33-801 et, seq; but enjoining Movants to continue the Trustee's Sale from time to time as necessary until this Court grants further relief pursuant to ll U.S.C.§362(d) or (e) or until the automatic stay expires by operation of law.

3. In the alternative, that Movant is entitled to adequate protection of his interest in the Property and more specifically in that alternative, that the Debtors be ordered to make periodic cash payments to Movant equal to the fair rental value for the use and occupancy of the Property from the date of bankruptcy and that the Debtors be directed to maintain adequate hazard insurance on the Property to protect the interest of Movant and further, that Movant shall have a claim with priority over every other claim allowable under 11 U.S.C.§507(a)(1) for any claim of Movant arising from the failure of the Debtors to adequately protect the interest of Movant in the Property.

4. Movant is also requesting that the Court allow Movant to immediately secure its collateral/property without having to wait ten days from the date of this Order as otherwise required under Rule 7062. Good cause exist for this insofar as the property which is in question is both depreciable and mobile and there is always concern by Movant with reference to this type of property concerning the continued use by the Debtors when payments are not being made. Movant has no objection to waiting ten days with reference to the sale after entry of Order.

CONCLUSION:

For the reasons set forth herein, Movant request entry of an Order Modifying Stays against lien enforcement; and granting such other and further relief as is just.

RESPECTFULLY SUBMITTED this 17th day of December, 2009.

**JABURG & WILK, P.C.**

　　　s/ Ronald M. Horwitz
Ronald M. Horwitz
Attorneys for Movant

**COPY** of the foregoing mailed
this 17th day of December, 2009, to:

SHANE T. MAPLES
HEEJAE VANHAUN

8225 E. Speedway Blvd. #507
Tucson, AZ  85710

WAYNE MORTENSEN
1837 S. Mesa Dr., #A103
Mesa, AZ  85210

DIANNE C. KERNS
7320 N. La Cholla #154 PMB 413
Tucson, AZ  85741-2305


  s/ Jeanette Chavez